UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN E. SWEET, JR.,<br>Plaintiff,<br><br>v.<br><br>ANTHONY THOMAS, III, et al<br>Defendants. | C. A. No. 14-143M |

## ORDER

The single issue before the Court in deciding the Defendants' Motion for Summary Judgment is whether the Truth in Lending Act (TILA) applies to the loan transaction between Kevin Sweet, Jr. and the Defendants. After a review of all of the evidence submitted in the light most favorable to the Plaintiff, the Court has determine that no genuine issue of material fact exists and the Defendants are entitled to judgment as a matter of law because the TILA does not apply to the transaction at issue.

I.   FACTS

On August 25, 2011, T&E Investments, LLC ("T&E") and Chaim Pizem made a $75,000 loan to Kevin E. Sweet, Jr., evidenced by a note and secured by a mortgage on a multi-family house located in Coventry, Rhode Island. Mr. Sweet fell behind in his mortgage payments resulting in a foreclosure auction on behalf of T&E and Mr. Pizem, pursuant to the power of sale in the mortgage. As a result of the foreclosure, T&E took title to the property. Three days prior to the foreclosure auction, Mr. Sweet had sent the Defendants a notice requesting rescission of the loan.

After the foreclosure was completed, Mr. Sweet filed suit in the Superior Court and

filed a lis pendens to accompany it. Defendants responded by removing the action to this Court.

## II. STANDARD OF REVIEW

Summary judgment is appropriate whenever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. Rule 56(c). An adverse party "may not rest upon the mere allegations or denials" of that party's pleading, but rather, "must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e).

Generally, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When reviewing the evidence, the Court "must construe 'the record in the light most favorable to the nonmovant and resolv[e] all reasonable inferences in that party's favor' while safely ignoring 'conclusory allegations, improbable inferences, and unsupported speculation.'" *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 27 (1st Cir. 2011) (quoting *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002)).

## III. ANALYSIS

All three counts of the Amended Complaint allege that the Defendants violated the TILA. The TILA provides that consumers have a right to rescind certain types of loans under certain conditions. See 15 U.S.C.A. § 1600 et seq. When the proceeds of a "consumer credit transaction" is "primarily for personal, family, or household purposes." (15 U.S.C. § 1602(i)) and involves the granting of a security interest in the "principal dwelling of the person to whom credit is extended," then the borrower has a right to rescind the transaction

2

within three business days. *See* § 1635(a). There are therefore two key requirement for the TILA to apply in this case; the loan must be for "personal" use on the "principal dwelling" of the borrower.

There is no genuine issue of material fact as to any of the following and therefore, as a matter of law, the TILA does not apply to the Plaintiff, the Defendants, or to this transaction: (1) Mr. Sweet did not use the loan "primarily for personal, family, or household purposes;" and (2) Mr. Sweet did not utilize the property as a "principal dwelling." Because the TILA does not apply, Mr. Sweet had no right to rescind the subject loan and all of his claims fail as a matter of law.

### A.    Loan Document Establishes TILA not Applicable

At the closing of the loan in question, Mr. Sweet signed a document entitled 'Non-Applicability of Truth in Lending" and dated August 25, 2011. (ECF No. 50-2). It states, ". . . the loan is not for personal, family, household or agricultural use. More specifically, the loan shall be used solely for business or commercial purposes or business or commercially related purposes. The net proceeds of the loan shall be used for the sole purpose of business investment." *Id.*

Under the TILA, the right of rescission is only applicable to a "consumer credit transaction" for personal purposes that will involve the granting of a security interest in the "principal dwelling of the person to whom credit is extended." *See* 15 U.S.C.A. §§ 1602, 1635(a). As noted above, a consumer credit transaction is one in which "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i).

3

Mr. Sweet specifically acknowledged that: (1) "the loan is not for personal, family, household or agricultural use"; and (2) "the loan shall be used solely for business or commercial purposes." There is no evidence in the record that undermines this acknowledgement by Mr. Sweet. Therefore, the recession provision of the TILA does not apply and Mr. Sweet has no legal claim under that statute.

**B.  Additional Facts Support the Inapplicability of the TILA**

Even if Mr. Sweet at the closing had not signed and acknowledged this document, there are no genuine issues of material fact in dispute and the Defendants are entitled to judgment as a matter of law based on a review of additional facts before the Court.

The facts are undisputed that the subject property was a rental or investment property. As the majority of the funds were used for expenses related to the Property, it is clear that the loan proceeds were not utilized *"primarily* for personal, family, or household" purposes. See § 1602(i) (emphasis added).

Additionally, Mr. Sweet did not use the property as a principal dwelling. The property in question is a two-family home. At the time of the loan, Mr. Sweet had rented the Property to two independent parties. Mr. Sweet has produced lease agreements for the two residential units at the Property. These lease agreements, which commenced in February 2012 and August 2012, show a continued intention by the Mr. Sweet to use the property for business and not consumer purposes. More importantly, given that the two dwelling units in the property were rented to third parties at all relevant times, and there are no other dwelling units, Mr. Sweet cannot possibly have used the property as a "principal dwelling" as to which he would have a right of rescission.[1] *See* 15 U.S.C.A. § 1635(a).

---

[1] The Property does include a third-floor attic space. Plaintiff states in his Rule 16 Statement

4

## IV. CONCLUSION

There are no genuine issues of material fact that the property was not the principal dwelling of Kevin E. Sweet, Jr. It was a rental property owned for investment purposes. Thus, the loan proceeds, which Mr. Sweet admits were utilized to pay expenses related to the property, were not used for personal, family, or household purposes and there is no right of rescission as to the loan. Therefore, the Defendants are entitled to summary judgment.

The Defendants' Renewed Motion for Summary Judgment (ECF No. 45) is GRANTED. Judgment shall enter for the Defendants on all claims.

IT IS SO ORDERED:

*/s/ John J. McConnell, Jr.*
John J. McConnell, Jr.
United States District Judge

November 4, 2014

---

(ECF No. 10) that the loan funds were used in part to "renovate the third floor to a legal unit." However, it is not a legal dwelling unit. In fact, the Mr. Sweet has produced in discovery a March 2013 "Commercial Lease Agreement" providing for a lease of the attic and garage space to his father.